# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR JOSE G.M.,[1]<br>(A Number: 232-004-806)<br><br>Petitioner,<br>v.<br><br>WARDEN, *California City Detention Facility*, et al.,<br><br>Respondents. | Case No. 1:26-cv-05880-KES-EGC (HC)<br><br>**ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE GRANTED**<br><br>(Doc. 1) |

Edgar Jose G.M. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner states they have been continuously detained by Immigration and Customs Enforcement since June 6, 2026. Petitioner claims their detention is unlawful.

Because Petitioner may be entitled to relief if the claimed violations are proved, Respondents ARE ORDERED TO SHOW CAUSE why the Petition should not be granted. Rule 4, Rules Governing Section 2254 Cases; *see* Rule 1(b), Rule 11, Rules Governing Section 2254 Cases; Fed. R. Civ. P. 81(a)(2).

In their response, Respondents are ORDERED to address if, and if so how, the issues presented in the present petition differ from those resolved in the Court's prior orders. *See*, *e.g.*,

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only their first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

*Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025); *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026); *Omer G. G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025).

Respondents SHALL INCLUDE a copy of all relevant portions of Petitioner's Alien File and any and all other documentation relevant to the determination of the issues raised in the petition. Rule 5 of the Rules Governing Section 2254 Cases. In the event the Petitioner is released from ICE custody during the pendency of this Petition, the parties SHALL notify the Court by filing a Motion to Dismiss the Petition or other proper pleading.

Additionally, in light of the judicial emergency and in order to conserve limited judicial resources, Respondents SHALL have an affirmative duty to inform the Court of any change to the claimed detention authority or custody status of Petitioner within THREE (3) days of any such change.

Accordingly, it is HEREBY ORDERED:

1. Respondents are ORDERED TO SHOW CAUSE why the Petition should not be granted. The Response to the Order to Show Cause is due within FOURTY-EIGHT (48) hours of the date of service of this order.

2. Pending the Court's decision, and unless and until the Court orders otherwise, Respondents SHALL NOT transfer Petitioner out of this District. *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").

The Court has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(h). As such, the matter will be taken under submission following the filing of Petitioner's Traverse or the expiration of the time for filing the Traverse.

The Clerk of Court is DIRECTED to serve a copy of this order on Petitioner at their last known address as reflected on the docket.

IT IS SO ORDERED.

Dated: **July 28, 2026**

Erin Sury Castillo

UNITED STATES MAGISTRATE JUDGE